# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-20639
Summary Calendar

DENIS MARINGO

Plaintiff-Appellant

v.

WARDEN, CORRECTIONS CORPORATION OF AMERICA, (CCA); CORRECTIONS CORPORATION OF AMERICA HOUSTON DETENTION CENTER; JAMES HEALTHMAN, Corrections Corporation of America Houston Processing Center; EDWIN BARNES, Deportation Officer; JEFF FRANCIS, Corrections Corporation of America Chief of Security; MS PONDS, Corrections Corporation of America Grievance Officer; D STUBBLEFIELD, Corrections Corporation of America Library Officer; E BAKER, Corrections Corporation of America Library Officer/Supervisor

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-602

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Denis Maringo, alien detainee # A79483831, appeals

from the district court's dismissal of his pro se suit for failure to state a claim

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

upon which relief may be granted. His complaint alleged that he is disabled because he is "semi-legally blind" and that the defendants violated the Americans with Disabilities Act (ADA) and his right of access to the courts by failing to provide him with equipment in the law library that would accommodate his eye condition.

Regarding his claims under the ADA, he argues that the district court erred in imposing an excessive burden of proof on him and in determining that the Corrections Corporation of America detention facility in Houston, Texas was not covered by Title II or Title III of the ADA. His arguments are unavailing because Title II and Title III of the ADA are not applicable to any of the defendants in this case. See 42 U.S.C. §§ 12131(1), 12181(7).

Regarding his claim of denial of access to the courts, he challenges the district court's determination that he failed to allege actual prejudice. He does not dispute the district court's finding that he has filed at least 10 federal actions in the district court, and, moreover, his complaint did not allege actual injury with respect to court filings. See Lewis v. Casey, 518 U.S. 343, 349 (1996); Norton v. Dimazana, 122 F.3d 286, 290 (5th Cir. 1997).

AFFIRMED.